LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

NO.29379

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DENISE SHANER, as Personal Representative
of the Estate of THOMAS B. ROTH; MILDRED L. ROTH,
Plaintiffs-Appellants,
v.
MICHAEL M. KRAUS; CHRISTIAN KRAUS; DON DIXON;
CONTENIA DIXON; JOHN DOES 1-10; JANE DOES 1-10;
DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10;
ROE "NON-PROFIT" CORPORATIONS 1-10;
and ROE GOVERNMENTAL ENTITIES 1-10,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 07-1-0057)

MEMORANDUM OPINION
(By: Foley and Fujise, JJ.;
Nakamura, C.J., concurring separately)

Plaintiffs-Appellants Denise Shaner, as Personal Representative of the Estate of Thomas B. Roth, and Mildred L. Roth (collectively, Plaintiffs) appeal from the "Final Judgment in Favor of Defendants Don Dixon and Contenia Dixon [collectively, Dixons] and Against [Plaintiffs]" (Final Judgment) filed on August 27, 2008 in the Circuit Court of the Third Circuit[1] (circuit court).

Pursuant to the June 10, 2008 "Order Granting [Dixons'] Motion for Summary Judgment on Plaintiffs' First Amended Complaint Filed March 9, 2007, Filed May 12, 2008" (Order Granting Dixons' SJ Motion), the circuit court found that Dixons did not owe a duty of care to Thomas B. Roth (deceased) and

---

[1] The Honorable Greg K. Nakamura presided.

entered summary judgment in favor of Dixons and against Plaintiffs on Plaintiffs' First Amended Complaint.[2]

On appeal, Plaintiffs contend the circuit court erred

(1)   in determining that Dixons did not owe a duty of care to Thomas B. Roth, deceased (Mr. Roth);

(2)   in failing to recognize that genuine issues of material fact had been submitted by Plaintiffs and Plaintiffs should have been permitted to proceed to trial on their claims;

(3)   in granting Dixons' "Motion for Summary Judgment on Plaintiffs' First Amended Complaint Filed March 9, 2007" (SJ Motion) filed April 24, 2008; and

(4)   in denying Plaintiffs' "Motion for Reconsideration of the Order Granting [Dixons'] Motion for Summary Judgment on Plaintiffs' First Amended Complaint Filed March 9, 2007, Filed on April 24, 2008, and/or Motion for Certification Under [Hawaiʻi Rules of Civil Procedure (HRCP)] Rule 54(b), and/or Leave to File an Interlocutory Appeal Pursuant to [Hawaii Revised Statutes (HRS) §] 641-1(b), and for Stay of Further Proceedings Pending the Appeal and/or HRCP Rule 56(f) Request" (Motion for Reconsideration) filed June 20, 2008.

## I.   BACKGROUND

Dixons hired Tree Works, Inc. (TWI) to remove trees from their unimproved property located in Pāhoa, Hawaiʻi.  TWI specialized in tree removal, including removal of trees near

---

[2]   On January 18, 2008, all the parties stipulated that Plaintiffs' First Amended Complaint should be amended to change the erroneously named Christopher Kraus to Christian Kraus.  Plaintiffs filed a motion on January 31, 2008 to so amend the First Amended Complaint.  On March 17, 2008, the circuit court filed an "Order Granting Plaintiffs' Motion to Amend Complaint to Properly Reflect the Legal Name of Christian Kraus, Erroneously Named as Christopher Kraus."  On April 7, 2008, Plaintiffs filed a Second Amended Complaint, which was identical to the First Amended Complaint except for the name change of Christopher Kraus to Christian Kraus.  There is no indication in the record that the Second Amended Complaint was served on the defendants, and none of the defendants filed an answer to the Second Amended Complaint.  However, in the Final Judgment, the circuit court dismissed "all other claims, counterclaims or cross-claims . . . without prejudice."

electric lines. TWI employed Mr. Roth, who had experience with tree removal near electric lines.[3]

On October 6, 2005, TWI dispatched a crew, including Mr. Roth, to Dixons' property. The crew understood that they would be working around live electric lines. During the cleanup process, Roth was holding a metal hook that was attached to the crane's boom. When the boom, operated by TWI supervisor Christian Klaus (Christian), touched a live power line, a high voltage current electrocuted Mr. Roth and killed him.

Plaintiffs filed a Complaint on February 27, 2007 and a First Amended Complaint on March 9, 2007 against Michael M. Kraus (Michael), Christian, and Dixons (collectively, Defendants). After Defendants filed their respective answers[4] to the First Amended Complaint, Dixons filed their SJ Motion. Attached to the SJ Motion was the deposition of Michael, who was president of TWI. During questioning, Michael admitted that the tree removal job was conducted in violation of safety directives specified in the crane manual.

Plaintiffs filed an opposition memorandum to the SJ Motion.[5] The circuit court thereafter filed the Order Granting Dixons' SJ Motion.

Plaintiffs filed their Motion for Reconsideration, which the circuit court denied on August 27, 2008. The circuit court filed the Final Judgment on that same date, and Plaintiffs timely appealed.

---

[3] Dixons attempted to hire an excavation company to remove the trees, but the company refused because of the proximity of electric lines to three gunpowder trees on the property.

[4] Christian also filed a cross-claim against Dixons.

[5] Michael filed a "Petition for Finding of Good Faith Settlement Relating to Plaintiffs and Defendants [Michael and Christian]" on April 29, 2008, and the circuit court granted the petition.

## II. STANDARD OF REVIEW

On appeal, the grant or denial of summary judgment is reviewed *de novo*. *See State ex rel. Anzai v. City and County of Honolulu*, 99 Hawaiʻi 508, [515], 57 P.3d 433, [440] (2002); *Bitney v. Honolulu Police Dep't*, 96 Hawaiʻi 243, 250, 30 P.3d 257, 264 (2001).

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

*Kahale v. City and County of Honolulu*, 104 Hawaiʻi 341, 344, 90 P.3d 233, 236 (2004) (citation omitted).

Nuuanu Valley Ass'n v. City & County of Honolulu, 119 Hawaiʻi 90, 96, 194 P.3d 531, 537 (2008).

## III. DISCUSSION

**A. 2 RESTATEMENT (SECOND) OF TORTS §§ 416 & 427 (1965) APPLY TO THESE FACTS PURSUANT TO MAKANEOLE v. GAMPON, 70 HAW. 501, 777 P.2d 1183 (1989).**

Plaintiffs contend the circuit court erred in holding that the Hawaiʻi Supreme Court in Makaneole "did not expressly adopt the [2 Restatement (Second) of Torts], §§ 416 and 427 as substantive law."[6] Plaintiffs argue that Makaneole endorses

---

[6] In Plaintiffs' Opening Brief, their "concise statement of points of error" violates Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 28(b)(4) because Plaintiffs fail to identify "(i) the alleged error committed by the court or agency; (ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency." A violation of this rule dictates judicial disregard of non-compliant points. HRAP 28(b)(4)(D) ("Points not presented in accordance with this section will be disregarded, except that the appellate court, at its option, may notice plain error not presented."). Also, Plaintiffs' Opening Brief does not contain an "argument" section, as mandated by HRAP Rule 28(b)(7).

(continued...)

4

2 Restatement (Second) of Torts §§ 416 and 427 as "a basis for imputing liability against the employer of an independent contractor under Hawaii law."

In Makaneole, Kauai Development Corporation (KDC) hired Dillingham Construction Corporation (DCC) as a general contractor to oversee the expansion of the Sheraton Kauai Hotel. 70 Haw. at 502, 777 P.2d at 1184. Makaneole was employed as a carpenter by DCC. Id. The expansion project involved hoisting large plywood sheets onto the hotel roof via a crane. Id. Makaneole's expert testified that the hotel roof had an unusually steep pitch, which made the project dangerous. Id.

While Makaneole was working on the roof, a part of the crane struck him and he suffered a head injury. Id. at 503-04, 777 P.2d at 1185. Drake Gampon (Gampon) was the crane operator. Id. at 503, 777 P.2d at 1184. Makaneole filed suit, and the Circuit Court of the Fifth Circuit granted directed verdicts in favor of KDC and Gampon. 70 Haw. at 501, 777 P.2d at 1183. Makaneole appealed the directed verdicts to this court, raising this argument:

> Citing Restatement, §§ 416 and 427, Makaneole also argues that KDC is vicariously liable for [DCC's] negligence because (1) KDC should have been aware that the roof design and its unorthodox method of construction created peculiar risk of harm to him, and (2) crane operation in construction is inherently dangerous.

Makaneole v. Gampon, 7 Haw. App. 448, 459, 776 P.2d 402, 409, rev'd in part and aff'd in part, 70 Haw. 501, 777 P.2d 1183 (1989). This court reversed the directed verdicts. 70 Haw. at

---

[6] (...continued)
However, we may elect to address the merits of an appeal in spite of HRAP Rule 28(b) violations. Clark v. Arakaki, 118 Hawai'i 355, 360 n.5, 191 P.3d 176, 181 n.5 (2008) (internal quotation marks and citation omitted) (noting a judicial policy of "affording litigants the opportunity to have their cases heard on the merits, where possible"); O'Conner v. Diocese of Honolulu, 77 Hawai'i 383, 386 & n.5, 885 P.2d 361, 364 & n.5 (1994) (noting that HRAP 2 permits the appellate courts to suspend HRAP "[i]n the interest of expediting decision, or for other good cause shown").

501, 777 P.2d at 1183. On certiorari, Id. at 502, 777 P.2d at 1184, the Hawai'i Supreme Court stated that this court had erred in refusing to apply §§ 416 and 427 and in holding that the workers' compensation statute was the exclusive remedy that Makaneole would have against his employer. 70 Haw. at 505, 777 P.2d at 1185-86.

The Hawai'i Supreme Court reversed this court's holding that HRS § 386-5 precludes the applicability of §§ 416 and 427. Makaneole, 70 Haw. at 507, 777 P.2d at 1187. The supreme court explained that the Hawai'i workers' compensation statutes had been amended to remove the owner of the premises from the statutory definition of employer, which amendment exposed the owner to tort liability. Id.

> Since the owner of the premises is not an employer, the owner does not fall within the provisions of HRS § 386-5 which exempts employers from liability to employees. Accordingly, contrary to the result in [Jones v. Chevron USA, Inc., 718 P.2d 890 (Wyo. 1986)], the workers' compensation statutes in the State of Hawaii provide no basis for disregarding the legal principles laid down in §§ 416 and 427 of 2 RESTATEMENT (SECOND) OF TORTS.

Id. at 507, 777 P.2d at 1187. After clarifying the applicability of §§ 416 and 427, the Hawai'i Supreme Court remanded Makaneole's case to the circuit court for further proceedings in accordance with the opinion. 70 Haw. at 507, 777 P.2d at 1187.

Makaneole implicitly endorsed §§ 416 and 427 as viable legal remedies against employers of independent contractors for work-related injury or death.[7]

In the instant case, the circuit court erred in refusing to apply §§ 416 and 427 under Makaneole on summary

---

[7] In a subsequent case, the Supreme Court of North Dakota interpreted Makaneole similarly. See Fleck v. ANG Coal Gasification Co., 522 N.W.2d 445, 450-51 (N.D. 1994) (noting that Hawai'i under Makaneole follows the minority view, which holds that §§ 416 and 427 protect employees of independent contractors).

judgment. Under the *de novo* standard of review, we apply §§ 416 and 427 to these facts.

**B.   A MATERIAL ISSUE OF FACT EXISTS AS TO WHETHER DIXONS OWED A DUTY OF REASONABLE CARE TO MR. ROTH UNDER §§ 416 AND 427.**

Plaintiffs contend the evidence raises a material issue of fact as to whether Dixons owed Mr. Roth a duty of care pursuant to 2 Restatement (Second) of Torts §§ 416 and/or 427, which provide as follows:

§ 416.  Work Dangerous In Absence Of Special Precautions
One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the failure of the contractor to exercise reasonable care to take such precautions, even though the employer has provided for such precautions in the contract or otherwise.

§ 427.  Negligence As To Danger Inherent In The Work
One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the contractor's failure to take reasonable precautions against such danger.

We agree with Plaintiffs. Viewed in the light most favorable to Plaintiffs (the non-moving party), the evidence raised a material issue as to Dixons' duty of care to Mr. Roth under §§ 416 and 427. Nuuanu Valley Ass'n, 119 Hawai'i at 96, 194 P.3d at 537.

It is undisputed that Dixons hired TWI, Mr. Roth's employer, to cut down and remove gunpowder trees from Dixons' property. Dixons initially consulted with an excavation company about removing the gunpowder trees, but the company refused due to the close proximity of those particular trees to high-voltage electrical lines. The president of TWI admitted that the tree removal job was conducted in violation of safety directives

specified in the crane manual.  This evidence raises a material issue of fact as to Dixons' duty of care to Mr. Roth under §§ 416 and 427.

## IV.  CONCLUSION

Having found a material issue of fact as to Dixons' legal duty to Mr. Roth, we vacate the Final Judgment filed on August 27, 2008 in the Circuit Court of the Third Circuit and remand this case for further proceedings.[8]

DATED:  Honolulu, Hawai'i, March 19, 2010.

On the briefs:

Laurent J. Remillard, Jr.
Don V. Huynh
(Park Park & Remillard)
for Plaintiffs-Appellants.

Terrance M. Revere
Kapono F.H. Kiakona
(Motooka Yamamoto & Revere)
for Defendants-Appellees
Don and Contenia Dixon.

Associate Judge

Associate Judge

---

[8]  We need not address Plaintiffs' challenge to the circuit court's denial of the Motion for Reconsideration.